UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| VICKI CHILDS and JULIE SILLS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:08-CV-271 |
| ) | (SHIRLEY) |
| ) | |
| UNITED COMMUNITY BANK, ) | |
| TIM GUIDER, in his official capacity as ) | |
| Sheriff of Loudon County, Tennessee, ) | |
| LOUDON COUNTY, TENNESSEE, and ) | |
| CHAD ESTES, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 15]. Now before the Court is United Community Bank's Motion for Sanctions [Doc. 81].

**I.    BACKGROUND**

This case was originally brought against United Community Bank, Loudon County, Tennessee, the Loudon County Sheriff, and a Sheriff's Deputy. The Plaintiffs alleged that their civil rights had been violated when bank personnel and, thereafter, the Loudon County Sheriff's Department reacted to allegations that the Plaintiffs had passed counterfeit bills. [See Doc. 1]. The Plaintiffs also alleged various tortious acts.

On July 24, 2009, the Court granted summary judgment in favor of Defendant United Community Bank ("the Bank"), on all claims pending against it. [Doc. 37]. The Court found that the Bank had not taken any state action sufficient to make it a state actor for purposes of 28 U.S.C. § 1983, and the Court found the Plaintiffs' claims of civil conspiracy, outrageous conduct, false arrest and imprisonment, and assault and battery could not survive the motion for summary judgment.

One week later on August 3, 2009, the Bank filed a Bill of Costs, which itemized $1,447.75 in court reporting costs incurred in this litigation. [Doc. 39]. Upon receipt of the Bill of Costs, the Clerk of Court sent Joseph H. Crabtree, Jr., counsel for the Plaintiffs, a letter stating that the expenses itemized in the Bill of Costs would be taxed on September 8, 2009. [Doc. 40]. This letter asked Mr. Crabtree to "pay costs directly to defendant's attorney." The Plaintiffs did not object to the Bill of Costs, and on September 28, 2009, the Clerk of Court endorsed the Bill of Costs, thereby taxing $1,447.75 in costs against the Plaintiffs.

The Court later denied the motion for summary judgment filed by Loudon County and Deputy Chad Estes, and on December 4, 2009, these Defendants filed a Notice of Appeal [Doc. 61]. This case remained on appeal until early February 2011, when the parties resolved the remaining issues between the Plaintiffs and the remaining Defendants. On February 4, 2011, the Bank filed an Application for Writ of Continuing Garnishment [Doc. 65]. Because the Court, to that point, was unaware that the parties had settled their claims, the Court scheduled a telephone conference for February 15, 2011, to address the Application for Writ of Continuing Garnishment [Doc. 65] and the issue of settlement.

At the telephone conference, Attorney William Jakes, counsel for the Bank agreed that the Application for Writ of Garnishment was premature because no final judgment had been entered in this case, [Doc. 67], but he noted that Mr. Crabtree was on notice of his duty to set money aside to pay the Bill of Costs. The Court denied the Application for Writ of Continuing Garnishment, but the Court noted to the parties, "[T]he Plaintiffs are now on notice that Defendant Community Bank intends to re-apply for a writ to enforce the Bill of Costs following entry of the final judgment." [Doc. 67]. The Application for Writ of Continuing Garnishment [Doc. 65] was denied without prejudice by an Order [Doc. 68] entered February 15, 2011.

On February 22, 2011, the Bank re-filed its Application for Writ of Continuing Garnishment [Doc. 70], and following the resolution of issues regarding the parties' dismissal documents, the Court entered a Memorandum and Order [Doc. 75] dismissing all claims in this case on March 7, 2011. On March 8, 2011, a Judgment [Doc. 76] dismissing this action was entered.

On March 30, 2011, United Community Bank filed a Motion to Compel Discovery [Doc. 77], which sought an order compelling the Plaintiffs to respond to the Bank's First Set of Post-Judgment Interrogatories to Plaintiff Vicki Childs [Doc. 77-1] and United Community Bank's First Set of Post-Judgment Interrogatories to Plaintiff Julie Sills [Doc. 77-2]. These interrogatories were served on the Plaintiffs on February 23, 2011. On April 20, 2011, the Court ordered the Plaintiffs to respond to the post-judgment interrogatories served on them by United Community Bank on or before May 4, 2011, [Doc. 78], and on April 21, 2011, the Clerk of Court endorsed and issued the Writ of Continuing Garnishment [Doc. 79].

The Plaintiffs did not comply with the Court's order to respond to the pending discovery on or before May 4, 2011, and on May 5, 2011, the Bank filed the instant Motion for Sanctions. On

3

May 6, 2011, the Court set this matter for hearing on June 7, 2011, and on June 6, 2011, the Plaintiffs responded in opposition to the Motion for Sanctions, [Doc. 85].

The Court held a hearing to address this motion on June 7, 2011. Attorney Joseph Crabtree was present representing the Plaintiffs, and Attorney William Jakes was present representing the Bank. Following the hearing, the Court took this matter under advisement. This matter is now ripe for adjudication. For the reasons more fully stated below, the Court finds that the Motion for Sanctions is well-taken, and it will be **GRANTED**.

**II.    POSITIONS OF THE PARTIES**

The Bank moves the Court to award sanctions against the Plaintiffs and their counsel for failing to comply with the Order compelling discovery and for distributing the settlement proceeds without paying the money due and owing to United Community Bank. [Doc. 81 at 1]. The Bank cites the Court to Rule 1.15 of the Rules of Professional Responsibility, which instructs that upon receiving funds in which a third person has an interest, an attorney shall notify the third person and thereafter promptly deliver the funds to the third person.

In response, Mr. Crabtree represents that he has been unable to get in contact with his clients. He states that he has recently secured responses to the interrogatories from Ms. Childs and given them to Mr. Jakes, counsel for the Bank. He has not secured responses from Ms. Sills. Mr. Crabtree asserts that there is no basis in law for sanctions because a judgment lien did not exist at the time the settlement funds were distributed and suggests that the Bank should have gotten a restraining order to prevent distribution of the funds. [Doc. 85 at 2-3].

## III. ANALYSIS

After considering the parties' arguments at the hearing, their filings, and the procedural posture of this case, the Court finds that the Plaintiff's request for sanctions should be granted both for, first, not obeying the Order compelling responses to the discovery requests served on the Plaintiffs, and second, for failing to notify the Bank of the settlement in this case and failing to deliver to the Bank the monies owed to it pursuant to the Bill of Costs.

At the hearing held June 2, 2011, Mr. Crabtree represented that a settlement was reached in this case and the settlement money was received the week of February 7, 2011. Mr. Jakes affirmed that, consistent with this time line of events, on February 10, 2011, Mr. Crabtree offered to settle the Bill of Costs judgment for an amount less than the $1,447.75, taxed by the Clerk of Court.

The parties did not mention these negotiations to the Court when they appeared for a telephone conference on February 15, 2011. At the time, the Court ruled that the writ was premature, however, no party had filed any stipulation or other notification that the parties had reached a final settlement. Instead, Mr. Jakes represented that there was a settlement in progress, and he noted that he filed the application for the writ because "he didn't want to lose that money." In his papers and during the conference, Mr. Crabtree correctly argued that a writ of garnishment was premature at that juncture. Mr. Jakes concurred but noted that he was going to look to Mr. Crabtree, because he was now on notice that the Bank sought the money owed to it pursuant to the Bill of Costs. This exchange ultimately lead the Court to ask Mr. Crabtree directly if he was going to protect the money and lead the Court to state in its minutes: "The Court noted that the Plaintiffs are now on notice that Defendant Community Bank intends to re-apply for a writ to enforce the Bill of Costs following entry of the final judgment." [Doc. 67].

5

The Plaintiffs did not respond to the post-judgment discovery served upon them, nor did they or Mr. Crabtree file any response to the Motion to Compel filed March 30, 2011. Moreover, they did not comply with the Court's order that they respond to the interrogatories on or before May 4, 2011. It was not until June 6, 2011, that Mr. Crabtree filed an untimely response to the Motion to Sanctions, detailing communication problems with his clients. This response and Mr. Crabtree's statements at the hearing held June 7, 2011, amount to an explanation of, simply, the money is gone and my clients are incommunicado.

Thus, despite a specific discussion with the Court and counsel about the duty to hold the money owed to the Bank out of the settlement disbursement to the Plaintiffs, the subsequent Writ of Garnishment, interrogatories, and inquiries were met with a response from Mr. Crabtree that he did not have the money anymore. This response is unacceptable, under both the Rules of Professional Conduct and the Federal Rules of Civil Procedure.

The Tennessee Rules of Professional Conduct have been adopted in this District and apply to proceedings within this Court's jurisdiction. Rule 1.15 of the Tennessee Rules of Professional Conduct instructs:

> Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. . . . [A] lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such funds or other property.

Tenn. Sup. Ct. R. 8, RPC 1.16(d).

In this case, it is unclear whether Mr. Crabtree notified Mr. Jakes or the Bank of his receipt of the funds promptly. It is clear, however, that Mr. Crabtree did not promptly deliver the moneys

6

owed to the Bank or to Mr. Jakes, despite his duty under this rule and his previous conversations and representations to the Court. Based upon this failure to comply with his professional obligations and representations to this Court, the Court finds it appropriate to make Mr. Crabtree jointly and severely liable for the $1,447.75 owed to the Bank.

In addition, Rule 37 of the Federal Rules of Civil Procedure directs that, where a party has failed to obey a discovery order or failed to answer interrogatories, the court must order the party or its attorney to pay reasonable expenses and costs, unless doing so would be unjust. Fed. R. Civ. P. 37(b)-(d). Based upon the Plaintiffs and Mr. Crabtree's failure to comply with this discovery order and failure to respond to interrogatories, an order further sanctioning the Plaintiffs and Mr. Crabtree would be appropriate. In this matter, however, the Court finds that an additional order of fees and sanctions is not necessary and would be unjust. Mr. Crabtree will likely be made to pay the $1,447.75 owed to the Bank, and an additional sanction would not further deter this behavior.

## IV. CONCLUSION

Accordingly, the Motion for Sanctions **[Doc. 81]** is **GRANTED**. The Clerk of Court **SHALL ENTER** a Judgment making Mr. Crabtree and the Plaintiffs jointly and severally liable for **$1,447.75** owed to United Community Bank.

**IT IS SO ORDERED**.

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge